**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| EGYPTIAN GODDESS, INC. and ADI TORKIYA | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | |
| ROY YALON, OREN RAHATLEV, LIAT MARCH f/k/a LIAT RAHATLEV, EZRA RAHATLEV, MIRACLE OF THE DEAD SEA, INC., a Minnesota Corporation, and MIRACLE OF THE DEAD SEA, INC., a California Corporation. | § § § § § § § § | Case No. 4:05-CV-246 |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT EZRA RAHATLEV'S MOTION TO DISMISS
AND GRANTING PLAINTIFFS' MOTION TO ENLARGE TIME**

The following motions are pending before the court:

1. Defendant Ezra Rahatlev's motion to dismiss for insufficient service of process (docket entry #25);

2. Declaration of Ezra Rahatlev in support of his motion to dismiss for insufficient service (docket entry #27);

3. Plaintiffs' response to Ezra Rahatlev's motion to dismiss and motion to enlarge time for service of process and brief in support (docket entry #'s 28 and 29);

4. Defendant Ezra Rahatlev's response to Plaintiffs' motion to enlarge time for service of process (docket entry #33);

5. Plaintiffs' supplemental response to Ezra Rahatlev's motion to dismiss and supplemental motion to enlarge time for service of process and brief in support (docket entry #'s 36 and 38);

6. Plaintiffs' reply to Ezra Rahatlev's response to Plaintiffs' motion to enlarge time for

service of process (docket entry #37).

After careful consideration, the court is of the opinion that the Defendant's motion to dismiss should be denied, and the Plaintiffs' motion to enlarge time for service of process should be granted.

## I. BACKGROUND

On June 24, 2005, the Plaintiffs filed their original complaint for patent infringement. On November 11, 2005, the Plaintiffs filed their first amended complaint for patent infringement. On November 30, 2005, the Plaintiffs filed their second amended complaint for patent infringement. In their second amended complaint, the Plaintiffs, for the first time, named Ezra Rahatlev as a Defendant. On February 10, 2006, the Plaintiffs filed their third amended complaint for patent infringement. In their third amended complaint, the Plaintiffs, for the first time, named Miracle of the Dead Sea, Inc., a Minnesota corporation, and Miracle of the Dead Sea, Inc., a California corporation, as Defendants.

Thereafter, on March 16, 2006, the court entered an order extending the mediation deadline in this case to August 1, 2006. Contained within the order was the following reminder:

> To avoid dismissal of Defendant Ezra Rahatlev, Plaintiffs must serve the Defendant no later than March 30, 2006. To avoid dismissal of Defendants Miracle of the Dead Sea, Inc., a Minnesota Corporation, and Miracle of the Dead Sea, Inc., a California Corporation, Plaintiffs must serve the Defendants no later than June 12, 2006.

In compliance with the court's March 16, 2006 order, the Plaintiffs served Ezra Rahatlev on March 27, 2006 in Chicago, Illinois. The Plaintiffs later learned, however, that they had served the incorrect Ezra Rahatlev. After an exhaustive search, the Plaintiffs discovered the location of the elusive Ezra Rahatlev in Texas. The Plaintiffs subsequently served Ezra Rahatlev on May 4, 2006 in Dallas,

Texas.[1]

Since the Plaintiffs did not timely serve him, Ezra Rahatlev is now seeking a dismissal from this lawsuit. The Plaintiffs, on the other hand, are seeking an extension of time in which to serve Ezra Rahatlev.

## II.  DISCUSSION

### A.  LEGAL STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Under rule 4(m), when a plaintiff fails to serve a defendant within the 120-day period, the [ ] court has two choices: [The court] may either 'dismiss the action without prejudice . . . *or* direct that service be effected within a specified time.'" *Thompson v. Brown*, 91 5.3d 20, 21 (5th Cir. 1996), quoting FED. R. CIV. P. 4(m) (emphasis added).

"[W]hen a district court entertains a motion to extend time for service, [the court] must first determine whether good cause exists." *Id*. "If good cause is present, the district court *must* extend time for service." *Id*. "If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id*. (citation omitted).

---

[1] The court notes that in the "Affidavit of Diligence to Effect Personal Service," Adil Tadli averred that he served Ezra Rahatlev on May 3, 2006. However, the return of service (docket entry #32) indicates that Ezra Rahatlev was served on May 4, 2006.

### B. ANALYSIS

From the papers on file, it appears to the court that Ezra Rahatlev was attempting to evade service of process. Accordingly, the court finds good cause for the Plaintiffs' failure to timely serve Ezra Rahatlev. As such, Ezra Rahatlev's motion to dismiss should be denied and the Plaintiffs' motion to enlarge time for service of process should be granted. The Plaintiffs' deadline to effect service of process on Ezra Rahatlev is extended to include the date Ezra Rahatlev was actually served.

### III. CONCLUSION

Based on the foregoing, the court hereby **DENIES** Defendant Ezra Rahatlev's motion to dismiss for insufficient service of process (docket entry #25). Furthermore, the court hereby **GRANTS** Plaintiffs' motion to enlarge time for service of process and brief in support (docket entry #29) and Plaintiffs' supplemental motion to enlarge time for service of process and brief in support (docket entry #38). The Plaintiffs' deadline to effect service of process on Ezra Rahatlev is extended to include the date Ezra Rahatlev was actually served.

IT IS SO ORDERED.

**SIGNED this the 19th day of May, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE