IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EGYPTIAN GODDESS, INC. and ADI TORKIYA | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | |
| ROY YALON, OREN RAHATLEV, LIAT MARCH f/k/a LIAT RAHATLEV, EZRA RAHATLEV, MIRACLE OF THE DEAD SEA, INC., a Minnesota Corporation, and MIRACLE OF THE DEAD SEA, INC., a California Corporation. | § § § § § § § § | Case No. 4:05-CV-246 |
| Defendants. | § | |

### ORDER DENYING DEFENDANTS LIAT MARCH AND OREN RAHATLEV'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT

Pending before the court is Defendants Liat March and Oren Rahatlev's motion to dismiss for lack of personal jurisdiction and brief in support (docket entry #18). Having considered the Defendants' motion, the Plaintiffs' response (docket entry #22) and the Plaintiffs' supplemental response (docket entry #42), the court finds that the motion to dismiss should be denied.

On June 24, 2005, the Plaintiffs filed their original complaint for patent infringement against Oren Rahatlev, Liat March and Roy Yalon. On August 24, 2005, Roy Yalon filed his *pro se* answer. On November 10, 2005, the Plaintiffs filed a notice of dismissal without prejudice, dismissing their claims against Oren Rahatlev and Liat March. Thereafter, on November 11, 2005, the Plaintiffs filed their first amended complaint for patent infringement against Roy Yalon, Oren Rahatlev and Liat March. On November 30, 2005, the Plaintiffs filed their second amended complaint for patent

infringement. In their second amended complaint, the Plaintiffs, for the first time, added Ezra Rahatlev as a Defendant. On February 10, 2006, the Plaintiffs filed their third amended complaint for patent infringement. In their third amended complaint, the Plaintiffs, for the first time, named Miracle of the Dead Sea, Inc., a Minnesota corporation, and Miracle of the Dead Sea, Inc., a California corporation, as Defendants.

On March 13, 2006, Defendants Liat March and Oren Rahatlev filed a motion to dismiss for lack of personal jurisdiction in lieu of filing an answer.[1] Both of these non-resident Defendants argue that they lack sufficient contacts with the State of Texas, and, as such, this court may not exercise personal jurisdiction over them. Having reviewed the evidence presented in light of the appropriate standard, the court finds that it does have personal (general) jurisdiction over Defendant Liat March (a California resident) and Defendant Oren Rahatlev (a New York resident). Both Defendants appear to have conducted business in Texas on a continuous and systematic basis on behalf of the Miracle of the Dead Sea, Inc.

Additionally, Defendants Liat March and Oren Rahatlev waived their personal jurisdiction arguments by permitting their retained counsel, Mr. Morris E. Cohen, to appear on their behalf at a settlement conference conducted on November 3 and 6, 2006 by Magistrate Judge Don D. Bush. *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000) (". . . a defendant may waive personal jurisdiction if it authorized another to appear or act on its behalf in court."). Accordingly, based on the foregoing, the court finds that it has personal jurisdiction over Defendants

---

[1] Defendant Ezra Rahatlev filed his answer on May 31, 2006.

Liat March and Oren Rahatlev.[2]  It is, therefore,

ORDERED that Defendants Liat March and Oren Rahatlev's motion to dismiss for lack of personal jurisdiction and brief in support (docket entry #18) is hereby **DENIED**.

**SIGNED this the 29th day of December, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2]Defendants Liat March and Oren Rahatlev argue, in passing, that the "Plaintiffs' dispute is properly with the Miracle of the Dead Sea, Inc., not with its employees or shareholders or officers.  What Plaintiffs are apparently trying to do in this lawsuit is to hold both Ms. March and Oren Rahatlev liable for patent infringement simply based on their relationships with Miracle of the Dead Sea, Inc.  Yet the Federal Circuit has made plain that '[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure.'" Mtn. to Dismiss, p. 6 (citation omitted).  Although the Defendants appear to make a compelling argument, such an argument does not affect the issue of personal jurisdiction.